**FILED**

**DEC 30 2013**

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) No. | 3:13-CR-30083-DRH |
| v. | ) | |
| | ) | |
| JOSE MANUEL GOYOS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

The attorney for the Government and the attorney for the Defendant have engaged in discussions and have reached an agreement pursuant to Federal Rule of Criminal Procedure 11. As a result of the Plea Agreement, the Defendant intends to plead guilty in this case.

### I.

1. By pleading guilty, the Defendant fully understands that he is waiving the following rights: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against him beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence; and the right to compel the attendance of witnesses.

2. The Defendant fully understands that he has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of

1

the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of his guilty plea, no trial will occur, and the only action remaining to be taken in this case will be the imposition of the sentence.

3. The Defendant agrees that all agreements between the parties are written and that no oral promises, inducements, representations, or threats were made to induce him to enter into the Plea Agreement and Stipulation of Facts.

4. The Defendant acknowledges that this Plea Agreement is limited to the Southern District of Illinois and cannot bind other federal, state or local prosecuting authorities. He further understands that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant.

5. The Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. The Defendant agrees to pay the full amount of the special assessment prior to or at the time of sentencing.

6. The Defendant understands that the Court will impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. The Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts pertaining to the fiscal year 2012, are, for imprisonment: $2,412.33 per

month; for community confinement: $2,244.17 per month; and for supervision: $278.95 per month.

8.  The Defendant agrees to cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report. Said cooperation will include signing all releases, as requested. The Defendant agrees that any Probation Officer may share any and all financial information with the United States Attorney's Office, and the Defendant waives any rights he may have under the Right to Financial Privacy Act. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney's Office, a Financial Statement (OMB-500).

9.  Defendant understands that Defendant is pleading guilty to a felony punishable by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), Defendant will be forbidden by federal firearms laws from possessing any type of firearm in Defendant's lifetime, unless Defendant obtains relief pursuant to 18 U.S.C. § 925, or other appropriate federal statute.

10. The Defendant understands and agrees that if he commits any offense in violation of federal, state, or local law, or violates any condition of release, or violates any term or condition of the Plea Agreement, the Government is not bound by the provisions herein and may request that the Court impose on him any penalty allowable by law, including the filing of additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea of guilty.

3

11. The Defendant has read the Plea Agreement and has discussed it with his attorney. The Defendant understands the terms of the Plea Agreement, and he agrees to be bound by those terms.

## II.

1. The Defendant will enter a plea of guilty to Count 1 of the Indictment, charging him with violating 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud and Wire Fraud). The maximum penalty that can be imposed for the violation is not more than 20 years imprisonment, a fine of not more than $250,000, or both the fine and the imprisonment, and not more than 3 years of supervised release. This case is also subject to the sentencing provisions of the SCAMS Act, Title 18, United States Code, Section 2326. Under the provision of the SCAMS Act, since this case involves telemarketing, in addition to the statutory penalties for violation of the conspiracy statute, the Defendant is also subject to an additional term of imprisonment of up to five years. Accordingly, the maximum penalty that can be imposed on Count 1 is not more than 25 years imprisonment, a fine of not more than $250,000, or both the fine and the imprisonment, and not more than 5 years of supervised release. Restitution is mandatory, and as part of his sentence, the Defendant may be ordered to pay restitution to the victims of the offense.

2. The Government and the Defendant agree that the following constitute the essential elements of the offense, and the Defendant admits that his conduct violated these elements:

First, that the conspiracy charged in the ~~information ex~~isted. [handwritten: "indictment" inserted; "N.D.S." initials]

Second, that the defendant knowingly became a member of the conspiracy with an intention to further the conspiracy.

4

3. The Government anticipates that, after all factors have been considered, the Defendant will have a Total Offense Level of 34 and a Criminal History Category of I, with an advisory sentencing range of 151 to 188 months, and a fine range of between $17,500 and $175,000. The basis for that calculation is as follows:

| **Guideline Section** | **Description** | **Level** |
|---|---|---|
| 2B1.1(a) | Base Offense Level | 7 |
| 2B1.1(b)(1)(K) | More Than $7,000,000 Loss | +20 |
| 2B1.1(b)(2)(C) | More Than 250 Victims | +6 |
| 3B1.1(a) | Leader / Organizer | +4 |
| 3E1.1(a) and (b) | Full Acceptance of Responsibility | -3 |

**Total= 34**

| **Date of Conviction** | **Offense of Conviction** | **Sentence** | **Points** |
|---|---|---|---|
| 05/16/2008 | Cocaine Possession 3rd | Probation (1 day) | 1 |

**CHC = I**

The Government and the Defendant agree that these calculations of Offense Level and Criminal History are not binding on the Court, and that the Court ultimately will determine his Total Offense Level, Criminal History Category, and the resulting advisory Guideline range after receiving the Presentence Report and giving both parties the opportunity to comment thereon. The Defendant expressly recognizes that, regardless of how the Court calculates the Guidelines or what sentence the Court ultimately imposes, he will <u>not</u> be permitted to withdraw his plea of guilty. The Government specifically reserves the right to argue for, present testimony, or

otherwise support the Probation Office's or the Court's findings as to Offense Level and Criminal History Category (which may be in excess of the calculations set forth herein by the Defendant and the Government). The Defendant understands that the Sentencing Guidelines are advisory only and that the Court has the discretion to sentence the Defendant anywhere up to the statutory maximum sentence after consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the Defendant.

4. The Government agrees that the Defendant has voluntarily demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct, and the Government will accordingly recommend a reduction of 3 Levels, reducing the Offense Level from 37 to Offense Level 34 (under the Government's calculations). *See* U.S.S.G. § 3E1.1. A reduction for acceptance of responsibility is dependent on the Defendant not committing any acts or taking any position prior to sentencing inconsistent with acceptance of responsibility, including committing any acts constituting obstruction of justice.

5. At this time, the Government has no information to suggest that the Defendant has obstructed justice in this case and therefore anticipates that the Defendant's base offense level will not be increased pursuant to U.S.S.G. § 3C1.1.

6. The Defendant understands that the Government may recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

7. The Defendant understands that restitution is mandatory. If, however, the Government determines that a full accounting of the losses of each victim is impracticable, the

Government may file a motion with the Court seeking to relieve the Government and the U.S. Probation office from performing a complete accounting.

### III.

1. The Defendant understands that by pleading guilty, he is waiving all appellate issues that might have been available if he had exercised his right to trial. The Defendant states that he is fully satisfied with the representation he has received from his counsel, that they have discussed the Government's case, possible defenses, and have explored all areas which the Defendant has requested relative to the Government's case and his defense.

2. The Defendant acknowledges that the Government has provided sufficient discovery to allow him to make an informed decision to plead guilty in this case. The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any Department or Agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

3. The Defendant waives all claims under the Hyde Amendment, Title 18, United States Code, Section 3006A, for attorneys' fees and other litigation expenses arising out of the investigation or prosecution of this matter.

## IV.

The parties dispute the total loss amount for purposes of calculating the advisory Guidelines range. There are no other matters in dispute.

                                                    STEPHEN R. WIGGINTON
                                                    United States Attorney

_____       _____
JOSE MANUEL GOYOS, JR.                        NATHAN D. STUMP
Defendant                                                  Assistant United States Attorney

_____
PAUL E. SIMS, Esq.
Attorney for Defendant

Date: 12/26/13                                  Date: 12-30-2013